IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERI GARDNER

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

        Defendant.

Case No. 3:14-cv-00373-MA

AMENDED OPINION AND ORDER

RORY LINERUD
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308

    Attorney for Plaintiff

BILLY J. WILLIAMS
Acting United States Attorney
District of Oregon
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

ERIN F. HIGHLAND
Social Security Administration
Office of the General Counsel
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - AMENDED OPINION AND ORDER

MARSH, Judge

On May 6, 2015, this court issued an Opinion and Order (#13), reversing and remanding for further administrative proceedings the final decision of the Commissioner of Social Security. The Commissioner now moves for reconsideration of that Opinion pursuant to Fed. R. Civ. P. 59(e). For the reasons set forth below, Commissioner's motion for reconsideration is GRANTED.

## BACKGROUND

Born on February 8, 1967, plaintiff filed her application for Disability Insurance Benefits (DIB) on January 27, 2010, alleging disability beginning March 12, 2003. Plaintiff alleged disability due to neck and shoulder injury, spinal stenosis, attention deficit hyperactivity disorder (ADHD), depression, anxiety, irritable bowel, and acid reflux.

After hearings on August 16, 2011, and April 26, 2012, the ALJ issued an unfavorable decision on May 21, 2012. On appeal to this court, plaintiff raised the following errors: (1) the ALJ failed to properly evaluate plaintiff's credibility; (2) the ALJ failed to properly evaluate plaintiff's RFC; and (3) the ALJ erred at step five. In my May 6, 2015 Opinion and Order, I concluded that the ALJ properly evaluated plaintiff's credibility and plaintiff's RFC. However, I also concluded that the ALJ committed reversible errors at step five in failing to specifically identify other jobs by their Dictionary of Occupational Titles (DOT) codes and in failing

2 - AMENDED OPINION AND ORDER

to ask the vocational expert (VE) whether his testimony was consistent with the DOT. Consequently, I reversed and remanded the ALJ's decision for further administrative proceedings.

## DISCUSSION

### I. Commissioner's Motion to Reconsider

Reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)(en banc).

In the motion to reconsider, the Commissioner argues that I committed clear error in two ways. First, the Commissioner asserts that I committed clear error because the ALJ's failure to provide DOT codes for specific jobs at step five is not a legal error because substantial evidence remains for the ALJ's step five finding. Second, the Commissioner argues that I committed clear error by failing to conclude that the ALJ's failure to ask the VE if his testimony was consistent with the DOT was harmless error. Thus, the Commissioner submits that the ALJ committed no reversible error, his step five finding is supported by substantial evidence, and the ALJ's decision must be affirmed. The Commissioner, therefore asserts that I committed clear error in reversing and remanding this action for further proceedings, and my Opinion and Order and Judgment must now be corrected. I agree.

3 - AMENDED OPINION AND ORDER

With respect to step five, I committed clear error in ruling that the ALJ committed reversible errors at step five in my previous opinion. While I note a lack of development of these two issues in the Commissioner's earlier briefings, the Commissioner is correct that I erred at step five in my earlier opinion. Therefore, the Commissioner's motion for reconsideration is granted. I adhere to my previous Opinion with respect to pages 1-20; however, the May 6, 2015 Opinion and Order is amended as follows beginning on page 21 as set forth below.

## II. Amended Opinion: ALJ Did Not Err at Step Five

At step five, "the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

At the hearing, the ALJ posed a hypothetical to the VE incorporating all the limitations of the RFC finding. The VE testified that given the hypothetical, there are still other jobs in the national economy that an individual could perform. Specifically, the VE outlined the following jobs: laundry folder, light work with a skill vocational preparation level (SVP) of 2 (12,000 jobs nationally and 900 jobs in the state of Oregon); paper sorter/recycler, light work with an SVP of 2 (86,000 jobs

4 - AMENDED OPINION AND ORDER

nationally and 3,200 jobs in the State of Oregon); and small products assembler, light work with an SVP of 2 (592,000 jobs nationally and 4,300 jobs in the State of Oregon). Tr. 65.

Plaintiff argues that the ALJ erroneously relied on the VE's testimony because the three jobs outlined by the VE require frequent reaching as listed in the DOT, which is inconsistent with the ALJ's hypothetical. Plaintiff also contends that the ALJ failed to specifically identify jobs in the national economy by their DOT codes. Finally, plaintiff argues that the VE's testimony is inconsistent with the DOT, and the VE does not account for the inconsistency. I reject all of plaintiff's arguments.

Plaintiff erroneously assumes occasionally lifting 20 pounds overhead is the same as a limitation to occasional reaching overhead. The ALJ did not find any limitations with respect to reaching with either upper extremity in the RFC finding or include such limitations in the hypothetical. The ALJ is required to pose a hypothetical composed of only those limitations the ALJ found credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also Magallanes v. Brown*, 881 F.2d 747, 756-57 (9th Cir. 1989)(holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record). As discussed above, the ALJ's RFC finding is supported by substantial evidence in the record.

5 - AMENDED OPINION AND ORDER

Although the ALJ failed to provide DOT codes, the ALJ sufficiently identified other jobs that plaintiff can perform by referencing incidence and DOT title. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1176 (9th Cir. 2008)(VE sufficiently identified specific jobs when he testified that claimant could "perform small product assembly jobs at the sedentary level" and "packaging and sorting jobs" existing in significant numbers). As the Commissioner correctly contends the three jobs outlined by the VE are readily identifiable in the DOT and correspond directly to a DOT code. *See* DOT 369.687-018, *available at* 1991 WL 673072 (folder, laundry industry); DOT 649.687-010, *available at* 1991 WL 685669 (paper sorter and counter); DOT 739.687-030, *available at* 1991 WL 680180 (assembler, small products II). Contrary to plaintiff's assertion, this case is readily distinguishable from *Carmickle v. Commissioner, Social Security Administration,* 533 F.3d 1155 (9th Cir. 2008).

In *Carmickle*, the court remanded the case because the ALJ relied upon the VE's generic occupation classifications without DOT codes. *Id.* at 1167. In contrast, in this case, the ALJ identified each of the three jobs by DOT title, national incidence rates and physical exertion and skill levels, and therefore, *Carmickle* is does not control the outcome here. Additionally, as the Commissioner correctly indicates, there is only one laundry folder, one paper sorter, and two small products assembler jobs in the DOT

6 - AMENDED OPINION AND ORDER

further distinguishing this case from *Carmickle*. Upon review of the record, it is clear that the ALJ provided sufficient details to identify these jobs in the national economy, which provides substantial evidence to support the step five finding even without a citation to specific DOT codes.

The ALJ has an affirmative duty to ask about any possible conflict between VE testimony and the DOT. *Massachi v. Astrue,* 486 F.3d 1149, 1152-53 (9th Cir. 2007). The Commissioner argues that the ALJ committed a harmless error in failing to ask the VE if his testimony was consistent with the DOT. I agree.

Contrary to plaintiff's argument, there is no actual or potential conflict between the VE's testimony and the DOT. *See Massachi,* 486 F.3d at 1151 n.19, 1152-53 (failure to ask whether the VE's testimony is consistent with the DOT is harmless procedural error where there is no actual or potential conflict). Upon reviewing the three identified jobs and their DOT description, it is clear that the requirements of these jobs do not conflict with any limitations included in the ALJ's RFC finding. As discussed above, the frequent reaching requirement does not conflict with the ALJ's RFC limitation of occasional overhead lifting despite plaintiff's attempts to conflate the two work activities. Therefore, the ALJ has not erred at step five, and the ALJ's decision is affirmed. *See Stout,* 454 F.3d at 1055 (an ALJ's

7 - AMENDED OPINION AND ORDER

error is harmless if it is inconsequential to the ultimate nondisability determination).

## CONCLUSION

The Commissioner's motion for reconsideration (#15) is GRANTED. The court AMENDS pages 21 through 25 of its May 6, 2015 Opinion and Order as set forth herein. The Court VACATES its May 6, 2015 Judgment.

Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this __19__ day of June, 2015.

                                             /s/ Malcolm F. Marsh
                                             Malcolm F. Marsh
                                             United States District Judge